**SO ORDERED: March 2, 2016.**



**Robyn L. Moberly
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In re:

**Stephen Bernard Schmaltz,**

Debtor.

Case No: 13-02162-RLM–11

**Order Confirming Debtor's Plan
Of Reorganization As
Immaterially Modified**

This matter is before the Court upon the: (1.) *Debtor's Plan of Reorganization* filed July 25, 2014 by the Debtor, Stephen Bernard Schmaltz (the "Debtor") [Document No.: 110]; (2.) the *Immaterially Modified Debtor's Plan of Reorganization* filed September 2, 2014 by the Debtor [Document No.: 158]; and (3.) the *Second Immaterially Modified Debtor's Plan of Reorganization* filed January 27, 2016 by the Debtor [Document No.: 244] (the foregoing are all the "Plan").

Also before the Court are the objections to confirmation of Chapter 11 Plan filed by Federal National Mortgage Association ("Fannie Mae") and the Internal Revenue Service (the "IRS"). Fannie Mae filed seven objections each entitled *Objection To Confirmation Of Chapter Plan* on September 29, 2014 [Document Nos.: 178, 179,

1

180, 181, 182, 183, 184] (the "Fannie Mae Objections"). The Fannie Mae Objections were filed in connection with each of the properties upon which Fannie Mae has a mortgage lien. The IRS filed its *Objection To Confirmation of Chapter 11 Plan* on September 30, 2014 [Document No.: 186] (the "IRS Objection"). The Fannie Mae Objections and the IRS Objection are the "Objections".

The Court, having conducted a hearing on the Plan and the Objections on February 8, 2016 (the "Hearing") the record of which contains the following:

    A. that Fannie Mae and the IRS have agreed to withdraw the Objections; and

    B. that ballots had been tabulated and that Debtor's counsel reported all impaired classes have voted to accept the Plan.

ACCORDINGLY, the court: (a) having reviewed the Plan; (b) having conducted the Hearing; (c) having directed the parties at the Hearing to review this order prior to its being uploaded; (d) presuming that the version of this uploaded order has been reviewed by the parties; (e) and otherwise being duly advised; HEREBY FINDS:

1. Good cause exists for confirming the Plan.

2. Proper and sufficient notice of the Plan has been provided.

3. The Plan complies with the applicable provisions of 11 U.S.C. § 101, et seq.

4. The proponent of the Plan has complied with the applicable provisions of 11 U.S.C. § 101, et seq.

5. The Plan has been proposed in good faith and not by any means forbidden by law.

6. That all payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses, or in connection with the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court as reasonable.

7. That the identity, qualifications and affiliations of the persons who are to be officers and agents of the Debtor has been fully disclosed, and the appointment of such persons to such offices, or their continuance therein is equitable, consistent with the interests of creditors and equity security holders and with public policy.

8. That the identity of all insiders who will be employed or retained by the Debtor or who shall purchase property from the Debtor and the circumstances regarding all transactions with insiders have been fully disclosed.

9. No government regulatory commission has jurisdiction over rates of the Debtor.

10. That with respect to each impaired class of claims or interests in the Plan, each holder of a claim or interest of such class has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under Chapter 7 of Title 11 of the U.S. Bankruptcy Code on such date.

11. With respect to all classes of impaired claims, or interests, such classes have all accepted the Plan.

12. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that with respect to a claim of a kind specified in §507(a)(2) or 507(a)(3) of the Bankruptcy Code, on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.

13. With respect to a class of claims of a kind specified in §§ 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of the Bankruptcy Code, each holder of a claim of such class will receive cash payments of a value as of the effective date of the Plan equal to the allowed amount of such claim.

14. With respect to a class of claims of a kind specified in § 507(a)(8) of the Bankruptcy Code, the holder of such claim will receive on account of such claim regular installment payments in cash of a total value, as of effective date of the plan, equal to the allowed amount of such claim.

15. At least one class of claims that is impaired under the Plan has accepted the Plan.

16. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

17. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payments of such fees on the effective date of the Plan.

18. The Debtor is not obligated to pay retiree benefits.

19. Notice of the Plan has been sufficient and complies with the Bankruptcy Code for all purposes.

20. The Plan is modified herein as follows:

    A. Fannie Mae's payments under the Plan shall commence on March 1st, 2016. Fannie Mae and the Debtor shall enter into an agreed entry respecting

the claims of Fannie Mae, which entry shall in part provide for the treatment of any real estate taxes and insurance paid by Fannie Mae during the course of this case, separate and apart from the treatment of Fannie Mae's secured claim.

**IT IS HEREBY ORDERED** that the Plan as further amended and clarified in this Order, be, and the same hereby is, **CONFIRMED** pursuant to §1129(a) of the Bankruptcy Code, and any objection thereto not otherwise already withdrawn, is overruled.

**IT IS HEREBY FURTHER ORDERED** that the provisions of the Debtor's Plan and this confirmation order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

###